UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-10-00219-SBA (DMR) |
| ) | |
| Plaintiff, ) | |
| ) | DETENTION ORDER |
| v. ) | |
| ) | |
| ) | |
| FLAVIO FERNANDEZ-SANCHEZ, ) | |
|   a/k/a "Ignacio Fernandez," ) | |
| ) | |
| Defendant. ) | |
| ) | |

I.  DETENTION ORDER

Defendant Flavio Fernandez-Sanchez is charged in a one-count indictment with illegally re-entering the United States, in violation of 8 U.S.C. §§ 1326(a) and (b).  On March 29, 2010, the United States moved for Mr. Fernandez-Sanchez's detention pursuant to 18 U.S.C. § 3142(f)(2)(A) (because there is a serious risk that the defendant will flee), and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f).  Mr. Fernandez-Sanchez did not request a full bail study at this time.  Pretrial Services did, however, prepare a criminal record report. Mr. Fernandez-Sanchez waived his right for now to proffer information at a detention hearing, *see* 18 U.S.C. § 3142(f) (a defendant has the right at a section 3142(f) hearing, with the

DETENTION ORDER
CR 10-00219-SBA (DMR)                               1

assistance of counsel, to testify, to present witnesses, to cross-examine adverse witnesses, and to present information by proffer or otherwise), but expressly retained his right to raise any additional relevant information at a later hearing.  After considering the limited information available to the Court, and the factors set forth in 18 U.S.C. § 3142(g), the Court detains Mr. Fernandez-Sanchez as a serious risk of flight and finds that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure his appearance in this case.  *See* 18 U.S.C. §§ 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

Specifically, considering the factors in 18 U.S.C. § 3142(g), the Court notes that Mr. Fernandez-Sanchez's criminal history, albeit over a decade in the past, includes two felony narcotics convictions and a revocation of probation.  Furthermore, Mr. Ramirez-Cruz is subject to an immigration detainer issued by Immigration and Customs Enforcement ("ICE") based on the facts alleged in the indictment: namely, that he re-entered the United States after having been removed pursuant to an order of removal.  These facts, along with the current lack of information about Mr. Fernandez-Sanchez's ties to the community, raise concern about the risk of Mr. Fernandez-Sanchez's flight and his ability to comply with any conditions of release that the Court might set.  Accordingly, the Court finds that the Government has established serious risk of flight by a preponderance of the evidence.

## II.  CONCLUSION

The Court detains Mr. Ramirez-Cruz as a serious flight risk.  Because Mr. Ramirez-Cruz waived his right to present information under 18 U.S.C. § 3142(f) without prejudice to raising relevant information at a later hearing, the Court orders that the hearing may be reopened at Mr. Fernandez-Sanchez's request at any future time.

Mr. Fernandez-Sanchez shall remain committed to the custody of the Attorney General.

IT IS SO ORDERED.

DATED: April 6, 2010

DONNA M. RYU
United States Magistrate Judge

DETENTION ORDER
CR 10-00219-SBA (DMR)                                      2